# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL MICHAEL SCHILDKRAUT,

    Plaintiff,

    v.                                                                                     Civil Action No. 5:11-cv-28

WHEELING ISLAND CASINO,

    Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM

### I. INTRODUCTION

A.    Background

This matter comes before the Court on Plaintiff, Samuel Michael Schildkraut's, Complaint which was filed February 22, 2011.[1] Plaintiff's Complaint alleges numerous violations of 42 U.S.C. § 1981 ranging from emotional distress to sexual harassment and personal injury. On February 23, 2011, this action was referred to me for a screening of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(a) and (e)(2) (1996) and to make a recommendation for disposition.

B.    Recommendation

It is recommended Plaintiff's Complaint be **DISMISSED** because it does not comply with the requirements of Fed. R. Civ. P. 8.

### II. FACTS

1.    On February 22, 2011, Plaintiff his Complaint against Defendant, Wheeling Island

---

[1] Dkt. No. 1.

Casino.

2. Plaintiff's statement of his claim is as follows:

42 USC SECTION 1981, and, but not limited to: Emotional Distress, Stealing, Discrimination, Reverse-Discrimination, Harassment of a white man over 40, Harassment of a person that may be considered disabled, Encouraging workers and managers to threaten and harass Plaintiff, Libel, Slander, Endangerment, Entrapment, Abuse of Authority, Falsifying Evidence, Hiding Evidence, Outrageous Conduct, Sexual Harassment, Personal Injury, Racism, Reverse-Racism

### III. PLAINTIFF'S COMPLAINT

A. Contentions of the Parties

In his Complaint, Plaintiff initially alleges 42 U.S.C. §1981 as the basis for his claims. Plaintiff's Complaint then continues to allege a medley of claims ranging from various forms of discrimination and harassment to libel and entrapment. The factual underpinnings surrounding Plaintiff's claims are unknown.

B. Discussion

28 U.S.C. § 1915(a)(1) governs proceedings in forma pauperis. It provides that "any court of the United States may authorize the commencement...of any suit...without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Additionally, 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted." See Trovill v. Venz, 303 F.3d 1256 (11th

Cir. 2002) (finding that although fee assessments under 28 U.S.C. § 1915 do not apply to non-prisoners, dismissals under said statute are applicable).

Fed. R. Civ. P. 8 governs the pleading standard in all civil actions and proceedings in the United States district courts. Fed. R. Civ. P. 1. Under Rule 8 of the Federal Rules of Civil Procedure a party must include in its complaint: 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Generally, a complaint meets the requirements of Fed. R. Civ. P. 8 if, in light of the nature of the action, the complaint sufficiently alleges each element of a cause of action so as to inform the opposing party of the claim and its general basis. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005). Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires a court to draw on its judicial experience and common sense. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). It is well established that the allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by licensed attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). The complaint, however, must at least set out facts sufficient to demonstrate a plausible entitlement to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 550 n.3. See also Holman v. Indiana, 211 F.3d 399, 407 (7th Cir. 2000) ("The 'liberal construction accorded a pleading...does not require the courts to fabricate a claim that a plaintiff has not spelled out in his pleadings.'") (citation omitted). The leniency afforded to *pro*

3

*se* litigants does not abrogate the basic pleading requirements that ensure that a court does not have to guess at the nature of the claim asserted. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff's statement of his claim is recited as follows in his Complaint:

> 42 USC SECTION 1981, and, but not limited to: Emotional Distress, Stealing, Discrimination, Reverse-Discrimination, Harassment of a white man over 40, Harassment of a person that may be considered disabled, Encouraging workers and managers to threaten and harass Plaintiff, Libel, Slander, Endangerment, Entrapment, Abuse of Authority, Falsifying Evidence, Hiding Evidence, Outrageous Conduct, Sexual Harassment, Personal Injury, Racism, Reverse-Racism

See Pl.'s Compl. (Dkt. 1).

Initially, the Court acknowledges the well-recognized principle that complaints drawn by *pro se* litigants are held to a less stringent standard than those drawn by legal counsel. Here, even under the liberal notice pleading requirements of Fed. R. Civ. P. 8 and the perspective in which *pro se* complaints are generally viewed, however, Plaintiff's complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief under the statute Plaintiff references. See Fed. R. Civ. P. 8(a). Specifically, 42 U.S.C. § 1981 provides for equal rights under the laws of the United States to all persons within the jurisdiction of the United States. While the statute affords protection to a broad class of individuals, Plaintiff's complaint is devoid of any facts setting forth a basis for relief under 42 U.S.C. § 1981. Plaintiff has not alleged any facts which trigger the violation of a federal statute and his complaint contains no allegation reasonably suggesting a remedy in law. Plaintiff's Complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions. See Ashcroft v.Iqbal, 129 S. Ct. 1937, 1950

("The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). While Plaintiff is entitled to some leeway in meeting the formal pleading requirements of the Federal Rules of Civil Procedure, there is a limit to the indulgence of the law and resultant imposition on the Defendant. As written, Defendant cannot possibly file a meaningful response. Accordingly, it is recommended Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

C.      Recommendation

It is recommended Plaintiff's Complaint be **DISMISSED** for the aforementioned reasons.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: March 14, 2011                    /s/ *James E. Seibert*
                                         JAMES E. SEIBERT

UNITED STATES MAGISTRATE JUDGE