IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL MICHAEL SCHILDKRAUT,

    Plaintiff,

v.                                                 Civil Action No. 5:11CV28
                                                                    (STAMP)

WHEELING ISLAND CASINO,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On February 22, 2011, the pro se[1] plaintiff in the above-styled civil action filed a complaint alleging numerous violations of 42 U.S.C. § 1981. The complaint includes claims of emotional distress, sexual harassment, and personal injury. Pursuant to 28 U.S.C. §§ 1915(a) and (e)(2), this matter was referred to United States Magistrate Judge James E. Seibert for a screening of the complaint and to make a recommendation for disposition. Magistrate Judge Seibert issued a report and recommendation on March 14, 2011, recommending that the plaintiff's complaint be dismissed because it does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

On March 17, 2011, the plaintiff sent a letter to Magistrate Judge Seibert requesting that his case be put on hold until May 15, 2011. In support of his request, the plaintiff stated that he was physically sick and that he needed additional time to hire an attorney. In an order dated March 18, 2011, this Court construed the plaintiff's letter as an objection to the magistrate judge's report and recommendation and deferred ruling on the report and recommendation until May 16, 2011. Since that time, there has been no indication that the plaintiff has retained counsel, and no supplemental objections have been filed. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed a letter that this Court construed as an objection, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

In his complaint, the plaintiff alleges 42 U.S.C. § 1981 as the basis for his claims, which range from various forms of discrimination and harassment to libel and entrapment. However, as the magistrate judge noted, the complaint fails to set forth any facts in support of these claims. In his March 17, 2011 letter, which this Court construed as an objection to the report and recommendation, the plaintiff again states that he was harassed by his supervisors at Wheeling Island Casino ("Casino"). He also asserts that the Casino failed to investigate other sexual harassment claims and failed to terminate managers who stole from the Casino. In his letter, the plaintiff presents only a few scattered facts relating to his harassment claims, and he alludes to the fact that his employment was terminated on "trumped up charges."

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). A complaint "must be

3

dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

This Court agrees with the magistrate judge that the allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by licensed attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1971).  But this Court also agrees that the leniency afforded to pro se litigants does not abrogate the basic pleading requirements described above. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  In this case, even when viewed liberally, it is clear that the plaintiff's complaint does not contain the minimum requirements of Rule 8.  The complaint is devoid of any facts setting forth a basis for relief under 42 U.S.C. § 1981 and it contains no allegations reasonably suggesting a remedy in law.  Further, the plaintiff's letter objection is

merely a list of grievances that offers little in the way of factual support. This Court notes that it granted the plaintiff additional time to respond to the report and recommendation with detailed objections, but this deadline passed without any filing. Because the defendant cannot file a meaningful response to the complaint as it is written, this Court agrees that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention

complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 19, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE